UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08CR64 (defendant #5) |
| | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| Plaintiff, | ) | Magistrate Judge George J. Limbert |
| | ) | |
| v. | ) | |
| | ) | |
| GLENTRADE INC., | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Defendant. | ) | |

Pursuant to General Order 99-49, this case was referred to United States Magistrate Judge George J. Limbert for the purposes of receiving, on consent of the parties, Defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered. The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by Defendant.

1. On February 27, 2008, Defendant Glentrade Inc., through its president, Mazen J. Ali, and accompanied by Attorney Albert A. Giuliani, executed a Consent to Order of Referral to Magistrate Judge for Purposes of Receiving Defendant's Plea of Guilty.

2. On February 27, 2008, Defendant Glentrade Inc., through its president, Mazen J. Ali,

and accompanied by Attorney Albert A. Giuliani, executed a waiver of indictment and consented to prosecution by information, which the undersigned approved.

3. On February 27, 2008, Defendant Glentrade Inc., through its president, Mazen J. Ali, and accompanied by Attorney Albert A. Giuliani, proffered a plea of guilty to the Counts 1 and 2 in the Information filed on February 6, 2008. *See* ECF Dkt. #1.

4. Prior to such proffer, Mazen J. Ali was examined as to his competency, advised of the charges and consequences of conviction, informed that the Court is not bound to apply the Federal Sentencing Guidelines but must consult the guidelines and take them into consideration when it imposes the sentence, notified of the corporation's rights, advised that the corporation was waiving all of its rights except the right to counsel, and, if such were the case, the corporation's right to appeal, and otherwise provided with the information prescribed in Fed. Crim. R. 11.

5. The parties and counsel informed the Court that there was a written, signed plea agreement between the parties. The undersigned was advised that no commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

6. The undersigned questioned Mazen J. Ali under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and the undersigned believes that Mazen J. Ali's plea made on behalf of Defendant Glentrade Inc. was offered knowingly, intelligently, and voluntarily.

7. The parties provided the undersigned with sufficient information about the charged offenses and Defendant Glentrade Inc.'s conduct to establish a factual basis for the plea.

In light of the foregoing, and the record submitted herewith, the undersigned concludes that Defendant Glentrade Inc.'s plea was knowing, intelligent, and voluntary and all requirements

imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Accordingly, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.


Date: February 27, 2008                        */s/George J. Limbert*
                                                      George J. Limbert
                                                      United States Magistrate Judge


     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).